UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MARK T. FREEMAN, | ) | No. 2:25-cv-06530-JWH-JDE |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE WHY |
| v. | ) | THE PETITION SHOULD NOT BE |
| | ) | DISMISSED |
| RAUL MORALES, Warden, | ) | |
| Respondent. | ) | |

## I.

## INTRODUCTION

On July 13, 2025,[1] Mark T. Freeman ("Petitioner"), a state prisoner, proceeding pro se seeking to proceed in forma pauperis, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254, challenging his 1981 conviction and a denial of his 2022 request for a <u>Franklin</u> hearing. Dkt. 1 ("Petition" or "Pet."). The has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), finds it appears subject to dismissal.

---

[1] Petitioner is afforded the benefit of the "mailbox rule" and the Petition is deemed constructively filed on July 13, 2025, the date of the signature date on the envelope containing the Petition. See <u>Lott v. Mueller</u>, 304 F.3d 918, 921 (9th Cir. 2002).

## II.

## PROCEDURAL HISTORY

On January 1, 1981, a Los Angeles County Superior Court jury found Petitioner guilty of first degree murder with special circumstances, kidnapping for robbery, robbery, and rape. Pet. at 2 (CM/ECF pagination); <u>Freeman v. Campbell</u>, Case No. 2:05-cv-03667-RSWL-PJW (C.D. Cal.) ("Prior Action"), Dkt. 20 at 2.[2] On March 26, 1981, the trial court sentenced Petitioner to life without the possibility of parole. Pet. at 2, 15.

Petitioner appealed the judgment of conviction to the California Court of Appeal and simultaneously filed a state habeas petition. Prior Action, Dkt. 20 at 2. The California Court of Appeal affirmed the judgment. <u>Id.</u> Petitioner's Petition for Review was denied in May 1983. <u>Id.</u> Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Pet. at 5.

Nearly 19 years later, in February 2002, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on March 12, 2002. Prior Action, Dkt. 20 at 2-3. In February 2004, Petitioner filed a habeas petition in the California Supreme Court. That petition was denied on December 1, 2004. <u>Id.</u> at 3. Petitioner filed the Prior Action on May 17, 2005. Prior Action, Dkt. 1. The prior petition was denied and dismissed with prejudice as untimely on April 5, 2006. Prior Action, Dkt. 20-22.

Thereafter, in December 2022, Petitioner filed a motion in the superior court to initiate a proceeding under <u>People v. Franklin</u>, 63 Cal. 4th 261 (2016)

---

[2] Although Petitioner indicates he has not previously filed a federal habeas petition (Pet. at 7), a review of the Court's records reflects Petitioner filed a federal habeas petition in 2005, challenging the same 1981 conviction. <u>See</u> Prior Action, Dkt. 1. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of relevant state and federal court records available electronically. <u>See</u> <u>Holder v. Holder</u>, 305 F.3d 854, 866 (9th Cir. 2002); <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992).

and <u>In re Cook</u>, 7 Cal. 5th 439 (2019), seeking to make a record of information relevant to a future youth offender parole hearing. Pet. at 81. The trial court denied Petitioner's motion, and Petitioner appealed. <u>Id.</u> On April 29, 2024, the California Court of Appeal issued an unpublished decision, affirming the denial order. <u>Id.</u> at 78-88. Petitioner's subsequent petition for review was denied on July 17, 2024. <u>Id.</u> at 3, 26.[3]

## III.

### PETITIONER'S CLAIMS

Petitioner appears to assert the following five grounds for relief:

1.    Petitioner is entitled to a <u>Franklin</u>/<u>Cook</u> youth offender hearing.

2.    Petitioner's counsel, who represented him on appeal of the superior court's denial of his <u>Franklin</u> motion, rendered ineffective assistance..

3.    Petitioner is entitled to the benefit of Senate Bill 672.

4.    The enhancement jury instructions were improper.

5.    Petitioner's original defense counsel prejudiced the legal process. Pet. at 5-6. 110.

## IV.

### DISCUSSION

Under Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. The Petition appears to suffer from several defects, rendering it subject to dismissal.

**A.    <u>Claims Challenging His 1981 Conviction Appear Untimely</u>**

District courts are permitted to consider, sua sponte, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing

---

[3] Petitioner also sought resentencing under California Penal Code Section 1170.95 in 2019, proceedings of which are not relevant here. <u>See</u> Appellate Courts Case Information ("Appellate Courts") at https://appellatecases.courtinfo.ca.gov.

the petitioner with the opportunity to be heard. <u>Day v. McDonough</u>, 547 U.S. 198, 209-10 (2006); <u>Wentzell v. Neven</u>, 674 F.3d 1124, 1126 (9th Cir. 2012). Because the Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). <u>See</u> <u>Soto v. Ryan</u>, 760 F.3d 947, 956-57 (9th Cir. 2014). The one-year limitations period applies to each claim in a habeas petition on an individual basis. <u>Mardesich v. Cate</u>, 668 F.3d 1164, 1171 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner does not appear to contend that he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(B)-(D) on his claims directly challenging his conviction, and the undersigned finds no basis for applying a later trigger date to these claims. As such, Section 2244(d)(1)(A) applies here.

State prisoners, like Petitioner, whose convictions became final prior to AEDPA's enactment had a one-year grace period for challenging convictions, which expired on April 24, 1997. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-46 (9th Cir. 2001). Petitioner did not constructively file the instant Petition until July 13, 2025, over 25 years later. Thus, absent tolling, Grounds Four and Five are untimely.

1. <u>Statutory Tolling</u>

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. <u>See, e.g.</u>, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Zepeda v. Walker</u>, 581 F.3d 1013, 1019 (9th Cir. 2009); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002). "A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date a judgment becomes final and the date the petitioner files his first state collateral challenge because during that time there is no case "pending." See Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012).

As noted, Petitioner's Prior Action was dismissed as untimely. As the district court previously explained in the Prior Action, Petitioner is not entitled to statutory tolling:

> In the instant case, Petitioner filed his first state habeas petition in the California Court of Appeal at the same time as his appeal. That petition was denied in March 1983. While a habeas petition filed before the statute of limitations begins to run can toll the statute of limitations in certain situations (See *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001)), it does not do so here. First, the petition was filed *and rejected* by the state appellate court more than 13 years before the statute began to run. Thus, by itself, it can have no tolling effect. Second, Petitioner did not file additional and subsequent habeas petitions raising the same issue in a higher California court. *Carey*, 536 U.S. at 222, 224 (tolling intervals between petitions filed at ascending levels of appellate review). Thus, this single petition filed in 1983 constituted his first "full round" of collateral review.

> Petitioner's second round of collateral review began almost 19 years later in February 2002, when he filed a second petition in the California Court of Appeal. This new round of collateral review is evidenced by the fact that the petition was filed in the same court as his first petition and completely abandoned his

5

original claim, choosing instead to raise only an entirely different issue. [Footnote omitted.] Thus, he was not entitled to any interval tolling between the 1983 and 2002 petitions. *See Welch v. Carey*, 350 F.3d 1079 (9th Cir. 2003) (*en banc*) (finding no interval tolling because the completely different claims in the second application, coupled with the four-year delay, led to a conclusion that the petitioner had abandoned his first set of claims), *cert. denied*, 541 U.S. 1078 (2004); *see also Gaston*, 417 F.3d at 1043 ("[A] California habeas applicant is not entitled to interval tolling if he abandons all of his claims in his first application and his second application sets forth new and different claims.").

Because there was no properly filed application for collateral review in the state courts at the commencement of the limitations period in April 1996, and none was filed within a year after that date, the one-year statute of limitations expired on April 24, 1997. *See Patterson*, 251 F.3d at 1245-46. Petitioner's subsequent state habeas petitions filed in the California Court of Appeal in 2002 and the California Supreme Court in 2004 had no tolling effect on the already-expired statute of limitations. [Footnote omitted.] *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.) (finding state habeas petition filed after expiration of limitations period cannot revive the statute), *cert. denied*, 540 U.S. 924 (2003). Accordingly, statutory tolling does not save the Petition.

Prior Action, Dkt. 20 at 5-7. The same analysis applies here. As such, as in the Prior Action, Petitioner is not entitled to statutory tolling.

2.    Equitable Tolling

In addition to statutory tolling, the AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. See Holland v.

6

*Florida*, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. The "threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." See Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended).

Here, Petitioner has not asserted facts warranting equitable tolling or otherwise shown some extraordinary circumstance prevented him from timely filing a petition challenging his 1981 conviction. Further, considering that his conviction became final many years ago, there is no reason to believe he could allege facts warranting equitable tolling sufficient to render his challenges to his 1981 conviction timely. See Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) (noting that equitable tolling of 20 years "would be difficult to justify"). Accordingly, equitable tolling does not appear to render the Petition timely.

As such, Grounds Four and Five appear subject to dismissal as untimely.

**B.    Petitioner's Remaining Claims Do Not Appear to Be Cognizable**

Petitioner's remaining claims do not facially challenge his conviction. In Ground One, he seeks a hearing under Franklin and Cook to make a record for a future youth offender parole hearing. Pet. at 5, 79. In Ground Two, he alleges his counsel rendered ineffective assistance on appeal of the denial of the Franklin motion. Id. at 5, 110. Ground Three seeks prospective relief under California Senate Bill 672, which also relates to youth offender parole hearings. These claims appear non-cognizable on federal habeas review.

A district court may entertain a habeas petition filed by state prisoner only on the ground that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (quoting McGuire, 502 U.S. at 67-68). "A Franklin hearing does not involve an attack on a criminal conviction or sentence but rather provides only that a defendant who will be eligible for a youth offender parole hearing at some point in the future be 'afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing.'" Quintero v. Guzman, 2025 WL 2176692, at *8 (C.D. Cal. June 13, 2025) (quoting Franklin, 63 Cal. 4th at 284), accepted by 2025 WL 2172191 (C.D. Cal. July 30, 2025). Thus, claims concerning whether an inmate is entitled to a Franklin hearing are not cognizable as such requests concern only state law and obtaining relief would not necessarily result in an immediate or speedier release from custody. Id.; Dorsey v. Pheiffer, 2024 WL 3468840, at *6 (C.D. Cal. June 11, 2024), accepted by 2025 WL 72122 (C.D. Cal. Jan. 9, 2025); Thompson v. Pfeiffer, 2024 WL 5277140, at *6 (S.D. Cal. Nov. 14, 2024); see also Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (explaining that when success on a petitioner's habeas claim would not necessarily lead to immediate or earlier release from custody, the claim does not fall within the core of habeas corpus and must be raised, if at all, in a civil rights action). As such, Petitioner's claim in Ground One seeking a Franklin hearing is not cognizable on federal habeas review.

Relatedly, Ground Two is not cognizable because there appears to be no federal right to post-conviction counsel in Franklin proceedings. Any right to

counsel in this context appears to be guaranteed by state law, not federal law. The federal constitution's right to counsel applies to trial and the first appeal as of right, but no further. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also Marshall v. Rodgers, 569 U.S. 58, 62 (2013). "[A] criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review." Coleman v. Thompson, 501 U.S. 722, 756 (1991), modified by Martinez v. Ryan, 566 U.S. 1, 9 (2012); see also Finley, 481 U.S. at 556. As no federal constitutional right to counsel exists, there is no claim for ineffective assistance based on federal law. See Polk v. Parker, 2025 WL 1592675, at *2 (N.D. Cal. June 5, 2025).

Petitioner's remaining claim based on pending state law is likewise not cognizable on federal habeas review. Ground Three seeks prospective relief under Senate Bill 672. California Senate Bill 672 would allow inmates sentenced to life without the possibility of parole for crimes committed before age 26 to request a parole hearing after serving at least 25 years in prison. Any claim based on Senate Bill 672 solely involves state law issues and relief would not necessarily lead to an earlier release from custody. Additionally, the legislative history of Senate Bill 672 (see https://leginfo.legislature.ca.gov), of which this Court takes judicial notice, reflects that it remains in committee and has not become law. See Louie v. McCormick & Schmick Rest. Corp., 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (explaining that courts may take judicial notice of the legislative history of state statutes). As such, Petitioner's claim based on the application of a proposed change to state law is not cognizable on federal habeas review.

**C.    The Petition Appears Mixed**

The Court also briefly notes a third apparent procedural defect. Under 28 U.S.C. § 2254(b)(1), habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the

exhaustion requirement applies. A habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires a petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless both its operative facts and federal legal theory on which it is based is set forth. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner appears to concede he has not exhausted his state court remedies with respect to Grounds Two, Three, and Five as he checked the boxes on the form habeas petition indicating that he had not raised these claims in the California Supreme Court. See Pet. at 5-6. As such, the Petition contains unexhausted claims. Although Petitioner appears to request a stay "until passage of SB672" (id. at 2), a stay would not be warranted here given the other issues identified above. As such, it appears the Petition also is subject to dismissal as a "mixed" Petition.

**V.**

**ORDER**

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE in writing, by <u>no later than thirty (30) days from the date of this Order</u>, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. If Petitioner disputes that Grounds Four and Five are untimely, he must explain clearly and in detail why they are not untimely and provide any available competent evidence that establishes their timeliness.

<u>Alternatively</u>, instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to provide a Notice of Dismissal form.</u> However, the Court warns any dismissed claims may be subject to the statute of limitations under Section 2244(d)(1).

Dated: August 13, 2025

JOHN D. EARLY
United States Magistrate Judge

11